**SILVER BRAND CLOTHES, INC.,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

**Civ. A. No. 75–0017–CH.**

United States District Court,
S. D. West Virginia,
Charleston Division.

Nov. 24, 1975.

---

3. 502 F.2d 631, 636–37 (2d Cir. 1974).

4. 497 F.2d 339, 342 (2d Cir. 1974).

5. *Id.* 341.

Stanley E. Preiser, Charleston, W. Va., Stanley Goodman, Cincinnati, Ohio, for plaintiff.

John E. Lutz, Atty., Dept. of Justice, Refund Trial Section No. 2, Washington, D. C., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

Plaintiff brings this action under the provisions of 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 for the recovery of federal income taxes and interest in the amount of $84,699.40 alleged to have been erroneously and illegally assessed against and collected from plaintiff. The years involved are fiscal years ending July 31, 1965, July 31, 1966, July 31, 1967, July 31, 1968 and July 31, 1969.

On plaintiff's corporate tax return for fiscal year ending July 31, 1964, plaintiff claimed a deduction of $163,013.47, which represented the amount of monies theretofore advanced by plaintiff to certain related corporations.

Under the provisions of Section 172 of the Internal Revenue Code of 1954, plaintiff "carried over" a portion of that claimed deduction to each of the five years following the year of the alleged loss.

Plaintiff received a Notice of Deficiency from the Commissioner of Internal Revenue for the year ending July 31, 1965, in the amount $2,245.44 and for

the year ending July 31, 1966, in the amount of $21,391.75.

With regard to those years, litigation ensued in the United States Tax Court. See *Silver Brand Clothes, Inc. v. Commissioner*, P-H Memo T.C. Par. 72,060 (1972). In that proceeding the principal issue, as stated by the Tax Court, was "whether petitioner [plaintiff in the instant case] should be allowed a bad debt deduction under Section 166 [of the Internal Revenue Code of 1954] for advances made to three related corporations." The Tax Court determined that issue adverse to Silver Brand. (Defendant's Exhibit No. 1.)

In addition the Tax Court stated in its opinion:

"On brief, petitioner [Silver Brand] claims, in the alternative, that the net advances in question are deductible as 'trade or business expenses' under section 162 or as a 'loss sustained during the taxable year and not compensated for by insurance or otherwise' under section 165.

The same reasoning which underlies our decision with respect to the bad debt issue under section 166 is also applicable to petitioner's claims under sections 162 and 165. Our holding that the transfers of merchandise by petitioner to the three related corporations served no valid business purpose of the petitioner requires the conclusions that such transfers or advances were not 'ordinary or necessary' expenses paid or incurred in carrying on petitioner's trade or business, within the meaning of section 162(a). Cf. C. M. Gooch Lumber Sales Co., supra. Nor were the losses which resulted from such advances deductible under the provisions of section 165(a). See *International Trading Co.*, 57 T.C. 455

(Dec. 28, 1971); *Richard R. Riss, Sr.*, 57 T.C. 469 (Dec. 30, 1971). . . ."

From that adverse ruling by the Tax Court, Silver Brand did not prosecute an appeal and, thus, that judgment became final.

Thereafter, plaintiff received a Notice of Deficiency from the Commissioner for taxable years ending July 31, 1967, July 31, 1968, July 31, 1969. Plaintiff paid the deficiency plus accrued interest for those years in the sum of $52,680.48. Thereafter, plaintiff timely filed with the Internal Revenue Service separate claims for refund for the years 1965 through 1969. The grounds for each claim for refund was that the assessed amount for each year "constituted ordinary and necessary business expenses under section 162(a) [1] and were business losses under section 165(a) [2]." Upon these grounds plaintiff filed this civil action to recover the refunds claimed for the years 1965 through 1969 with interest.

In lieu of an answer, the Government filed a Motion to Dismiss the complaint on the grounds that the plaintiff is precluded from maintaining this action by reason of the provisions of 26 U.S.C. § 6512(a) and by the doctrines of *res judicata* and collateral estoppel and that the complaint fails to state a claim upon which relief can be granted.

The Motion to Dismiss for failure to state a claim will be denied.

In its memorandum in opposition to the Government's Motion to Dismiss, plaintiff concedes that the provisions of 26 U.S.C. § 6512(a) do constitute a bar to this action as to the years 1965 and 1966. Plaintiff requests the Court for leave to amend the complaint to omit its claim with respect to the years 1965 and

---

1. 26 U.S.C. § 162 TRADE OR BUSINESS EXPENSES

(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—.

2. 26 U.S.C. § 165 LOSSES

(a) General rule.—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

1966. The Court will treat that request as a motion which will be granted.

Inasmuch as the provisions in 26 U.S. C. § 6512(a) would act as a bar only for the years 1965 and 1966, the only issue remaining for determination is whether the complaint, now amended, should be dismissed by reason of the doctrines of *res judicata* and collateral estoppel. That is, whether the Court lacks jurisdiction of the subject matter. Rule 12(b)(1), Federal Rules of Civil Procedure.

■■ Under federal income tax law, both doctrines are applicable in proper instances. *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 68 S. Ct. 715, 92 L.Ed. 898 (1948). The doctrine of *res judicata* "applies to repetitious suits involving the same cause of action". Id. It provides that where a court has entered judgment in an action, the parties to that action are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac.*, 94 U.S. 351, 24 L.Ed. 195 (1877). Restatement of Law of Judgments §§ 47, 48.

■■ The doctrine of collateral estoppel, however, involves different causes of action. A judgment in a former cause of action will act as an estoppel in a subsequent cause of action "only as to those matters *in issue or points controverted, upon the determination of which the finding . . . was rendered.*" *Cromwell v. County of Sac.*, supra. (Emphasis supplied). In other words, "where a question of fact essential to the judgment is actually litigated and determined in the first tax proceeding, the parties are bound by that determination in a subsequent proceeding even though the cause of action is different." *Commissioner of Internal Revenue v. Sunnen*, supra, 333 U.S. at p. 601, 68 S. Ct. at p. 721.

■■ With respect to income tax litigation, "each year is the origin of a new liability and of a separate cause of action." *Commissioner of Internal Revenue v. Sunnen*, supra. Thus, in the instant case, plaintiff's claims for refunds for the years 1967, 1968 and 1969 constitute separate causes of action, although brought in one action. This action therefore is a different action from that litigated in the Tax Court for the years 1965 and 1966. Thus, strictly speaking, the issue becomes one of the applicability of the doctrine of collateral estoppel rather than that of *res judicata*. Moreover, whether plaintiff is collaterally estopped from maintaining this action necessarily depends on whether the controlling factual and legal issues decided in the Tax Court as to the years 1965 and 1966 remain unchanged in this action. *Commissioner of Internal Revenue v. Sunnen*, supra; *Tait v. Western Maryland R.R. Co.*, 289 U.S. 620, 53 S. Ct. 706, 77 L.Ed. 1405 (1933).

In opposing the Government's motion, plaintiff contends that the factual issues in the instant case differ from those in the Tax Court case. Plaintiff reasons that the only issue properly before the Tax Court was whether plaintiff was entitled to a bad debt loss under section 166, whereas in the instant case the issues are whether said advances may be treated as either a section 162(a) or a section 165(a) deduction. Alternatively, plaintiff contends that even if the factual issues in the Tax Court proceeding and in this court are the same, plaintiff is not collaterally estopped from litigating this action because there has been an intervening change in the governing legal principles determined in the Tax Court proceedings. If either or both of plaintiff's contentions are correct, then the doctrine of collateral estoppel will not apply and the Government's motion will fail.

In support of and in opposition to the instant matter, each party has filed portions of the record in the Tax Court proceeding which, taken together, constitute

the complete record. That record is therefore now a part of the record in this action.

From that record, it is abundantly clear that the issues involving the deductibility under sections 162(a) and 165(a) of the amounts advanced to the related corporations were properly before the Tax Court which decided those issues adverse to plaintiff. In fact, as the Government points out in its brief, plaintiff itself put the 162(a) and 165(a) issues before the Tax Court. (See Defendant's Exhibits Nos. 3 and 4). In its reply brief filed in the Tax Court, plaintiff urged upon that court that it was not bound to "its original choice of deduction designation" under section 166 but that the record in that case as it was then constituted showed that deductions under either section 162 or section 165 would be proper. (See Defendant's Exhibit No. 3). In reviewing the Tax Court opinion, it is obvious that the court considered the case on the basis of the deductibility of the advances under sections 162, 165 and 166. Thus, the issues in the former proceeding and in the instant action are identical.

As stated, plaintiff advances the argument that even if the issues actually litigated in the Tax Court are identical with those in this case, intervening changes of law affecting the principles decided in the earlier case have occurred. In support of this proposition, plaintiff points out that one of the cases on which the Tax Court relied in denying a section 165 deduction was subsequently reversed. *International Trading Co.*, 57 T.C. 455, rev'd *International Trading Co. v. Commissioner of Internal Revenue*, 484 F.2d 707 (7th Cir. 1973).

In that case, International contended that it was entitled to a section 165(a) deduction on the loss it sustained on the sale of real property not used in that corporation's trade or business or held for the production of income. The Tax Court disallowed the deduction stating that the limitation placed upon individuals with respect to the deductibility of losses applied equally to corporations. That is, deductions are restricted by the "business or profit" requirements. *International Trading Company v. Commissioner of Internal Revenue*, 57 T.C. 455.

The Court of Appeals for the Seventh Circuit reversed the Tax Court and held that a corporation may take a deduction on a corporate return for a loss sustained on a sale of property that was neither used in the corporation's trade or business. *International Trading Company v. Commissioner of Internal Revenue*, supra.

It must be emphasized, however, that International Trading Company did nothing to alter the existing legal principles respecting the deductibility of losses alleged to have been incurred in a corporation's business.

When the Tax Court decided *Silver Brand v. Commissioner of Internal Revenue*, supra, the law was that *if* a corporation sustained a loss, and that loss was incurred in the corporation's trade or business, then the loss was deductible. 26 U.S.C. § 165. That is still the law. However, the factual determination made by the Tax Court was that the amount of the advances made to the related corporations did not constitute a business loss. Silver Brand is bound in this proceeding by that factual determination. The principles set forth in *Northeastern Consolidated v. Commissioner of Internal Revenue*, 406 F.2d 76 (7th Cir. 1969), were not altered by the Court of Appeals in *International Trading Company*, supra.

Neither the facts nor the applicable legal principles have changed since the Tax Court ruled adversely to Silver Brand. See *Road Material, Inc. v. Commissioner of Internal Revenue*, 407 F.2d 1121 (4th Cir. 1969). Plaintiff does not advance a similar argument respecting changes in the legal atmosphere as to deductions allowed under section 162(a).

The position of the Government that the plaintiff is collaterally estopped

from maintaining this action will be sustained. *Cooper v. United States,* 99 U.S.App.D.C. 179, 238 F.2d 40 (1956).

Accordingly, it is ordered:

1. That the motion of the plaintiff to amend the complaint be and the same is hereby granted;

2. That the motion of the defendant to dismiss the complaint on the ground that the complaint fails to state a claim upon which relief can be granted be and the same is hereby denied; and

3. That the motion of the defendant to dismiss the complaint on the ground that the court lacks jurisdiction of the subject matter of this action by reason that plaintiff is collaterally estopped from maintaining this action be and the same is hereby granted.

It is further Ordered that this action be dismissed and stricken from the docket.